UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

LORENZO JONES;

       Plaintiff,

                                CASE NO. 05-CV-73673-DT
                                JUDGE VICTORIA A. ROBERTS
                                MAGISTRATE JUDGE PAUL J. KOMIVES

  v.

SKIP BARNETT,

       Defendant.
_____/

**OPINION AND ORDER DENYING
PLAINTIFF'S MOTION TO PROCEED IN FORMA PAUPERIS (Doc. Ent. 14)**

**I.    OPINION**

**A.    Procedural History**

On September 26, 2005, plaintiff Lorenzo Lee Jones filed the instant case against Skip Barnett, a corrections officer at Southern Michigan Correctional Facility (JMF).[1] The facts underlying plaintiff's complaint took place from January 23, 2005 to February 12, 2005. Compl. ¶¶ 9-18. He describes claims of harassment and threats, Compl. ¶¶ 24-30, and retaliation, Compl. ¶¶ 31-32. Plaintiff seeks a declaratory judgment, compensatory damages in the amount of $150,000.00, and punitive/exemplary damages in the amount of $250,000.00. Compl. at 9-10. He also seeks other forms of relief to which he may be entitled, such as costs, attorney fees and interest. Compl. at 10.

---

[1] Plaintiff has filed four other cases in this Court. Plaintiff's has filed two petitions for writs of habeas corpus. Case Nos. 92-72881 (*Jones v. Jabe*) and 98-10425 (*Jones v. Birkett*). He has also filed two other prisoner civil rights cases. Case Nos. 02-74336 (*Jones v. MDOC*) and 05-73912 (*Jones v. Sanders*).

Plaintiff paid the filing fee for this case and an appearance has been entered on defendant Barnett's behalf.  (Doc. Entries 1 and 2).  Plaintiff is proceeding pro se and is currently housed at the St. Louis Correctional Facility (SLF) in St. Louis, Michigan.[2]

On February 7, 2006, defendant filed a motion for extension of time in which to file a responsive pleading.  (Doc. Ent. 4).  On March 9, 2006, Judge Roberts entered an order granting defendant's motion for extension of time and permitting defendant until April 21, 2006 by which to file a response.  (Doc .Ent. 9).

On March 3, 2006, plaintiff filed a motion to recover service expenses.  (Doc. Ent. 5).[3] On March 27, 2006, I entered an opinion and order denying plaintiff's motion to recover service expenses.  (Doc. Ent. 13).  In part, that order stated:

> . . . Fed. R. Civ. P. 4(c)(1) provides in part that "plaintiff is responsible for service of a summons and complaint within the time allowed under subdivision (m) and shall furnish the person effective service with the necessary copies of the summons and complaint."  Plaintiff paid the $250.00 fee when he filed his complaint, he has not filed a request to proceed in forma pauperis, and his complaint (aside from its request for costs, attorney fees and interest) does not appear to contain a request for the U. S. Marshal to effect service as described in Fed. R. Civ. P. 4(c)(2).

(Doc. Ent. 13 at 3-4).  The order also noted that Fed. R. Civ. P. 4(d), the rule pursuant to which plaintiff's motion had been filed, did not apply to the case at bar.  (Doc. Ent. 13 at 4).

**B.     Plaintiff's Motion to Proceed In Forma Pauperis is Denied.**

---

[2]*See* www.michigan.gov/corrections, "Offender Search".

[3]On March 10, 2006, Judge Roberts referred this case to me for pretrial matters.  (Doc. Ent. 11).

On April 11, 2006, plaintiff filed a motion to proceed in forma pauperis.  (Doc. Ent. 14).[4] He admits to having paid the $250.00 filing fee; claims he "is not represented by counsel in this matter[;]" and states that "[t]here is a likely chance [he] will be successful at trial in this matter." (Doc. Ent. 14 ¶¶ 3, 6, 7).  Therefore, he requests that the Court permit him to proceed in forma pauperis.  Doc. Ent. 14 at 2.

28 U.S.C. § 1915 ("Proceedings in forma pauperis") provides that "any court of the United States may authorize the commencement, prosecution or defense of any suit, action or proceeding, civil or criminal, or appeal therein, without prepayment of fees or security therefor, by a person who submits an affidavit that includes a statement of all assets such prisoner possesses that the person is unable to pay such fees or give security therefor. Such affidavit shall state the nature of the action, defense or appeal and affiant's belief that the person is entitled to redress." 28 U.S.C. § 1915(a)(1).  It also provides that "[a] prisoner seeking to bring a civil action or appeal a judgment in a civil action or proceeding without prepayment of fees or security therefor, in addition to filing the affidavit filed under paragraph (1), shall submit a certified copy of the trust fund account statement (or institutional equivalent) for the prisoner for the 6-month period immediately preceding the filing of the complaint or notice of appeal, obtained from the appropriate official of each prison at which the prisoner is or was confined." 28 U.S.C. § 1915(a)(2).

Plaintiff's motion does not include the requisite affidavit.  Furthermore, the motion does not include a certified copy of the trust fund account statement(s).  Furthermore, plaintiff has

---

[4]On the same date, plaintiff filed a motion to appoint counsel.  (Doc. Ent. 15).

already paid the $250.00 filing fee. Under these circumstances, he is not eligible to proceed in forma pauperis.

**II.    Order**

Consistent with the foregoing opinion, plaintiff's motion to proceed in forma pauperis (Doc. Ent. 14) is DENIED.

IT IS SO ORDERED.

The attention of the parties is drawn to Fed. R. Civ. P. 72(a), which provides a period of ten days from the date of receipt of a copy of this order within which to file objections for consideration by the district judge under 28 U.S.C. § 636(b)(1).


|  |  |
|---|---|
| Dated: 4/18/06 | s/Paul J. Komives<br>PAUL J. KOMIVES<br>UNITED STATES MAGISTRATE JUDGE |

> The undersigned certifies that a copy of the foregoing order was served on the attorneys of record by electronic means or U.S. Mail on April 18, 2006.
>
> s/Eddrey Butts
> Case Manager