UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

LORENZO JONES,

      Plaintiff,

                                      CASE NO. 05-CV-73673
v.                                   JUDGE VICTORIA A. ROBERTS
                                      MAGISTRATE JUDGE PAUL KOMIVES

SKIP BARNETT,

      Defendant.
_____/

## REPORT AND RECOMMENDATION

I.     RECOMMENDATION . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

II.    REPORT . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1
        A.     *Procedural Background* . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1
        B.     *Summary Judgment Standard* . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4
        C.     *Retaliation Claim* . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5
        D.     *Eighth Amendment* . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 10
        E.     *Qualified Immunity* . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 11
        F.     *State Law Claim* . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 13
        G.     *Conclusion* . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 13

III.   NOTICE TO PARTIES REGARDING OBJECTIONS . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 13

\*     \*     \*     \*     \*

I.     RECOMMENDATION: The Court should grant in part and deny in part defendant's motion for summary judgment. Specifically, the Court should grant the motion with respect to plaintiff's Eighth Amendment claim and with respect to plaintiff's First Amendment retaliation claim based on the major misconduct issues to plaintiff, and should deny the motion with respect to the remainder of plaintiff's First Amendment retaliation claim.

II.    REPORT:

A.    *Procedural Background*

      Plaintiff Lorenzo L. Jones is a state prisoner is incarcerated at the St. Louis Correctional Facility in St. Louis, Michigan. Defendant Skip Barnett is a correctional officer at the facility.

Plaintiff, proceeding pro se, commenced this action on September 26, 2005, raising civil rights claims under 42 U.S.C. §1983, and the First and Eighth Amendments, as well as a state tort claim of intentional infliction of emotional distress.

In his complaint, plaintiff alleges defendant took plaintiff's identification badge away from him on January 23, 2005, and refused to return it unless plaintiff begged. Compl., ¶ 9. Plaintiff then reported the incident to defendant's supervisor, who intervened and commanded defendant to return the identification card. Compl., ¶ 9. On January 25, defendant ordered plaintiff to stand next to him, and told plaintiff that he "will break" plaintiff. Compl., ¶ 10. Plaintiff alleges that on January 26, defendant removed his false teeth and told plaintiff that he wanted plaintiff's teeth to look like his own. Compl., ¶ 11. Furthermore, plaintiff claims, after trying to walk away from defendant, defendant ordered plaintiff to return and then further taunted him "popping out his teeth." Compl., ¶ 11. On January 28, defendant took out his teeth and offered them to plaintiff, saying that plaintiff will need them. Compl., ¶ 12. On or about February 2, defendant opened his mouth and showed plaintiff his teeth, and told plaintiff that plaintiff would not have his teeth for long. Compl., ¶ 13. Plaintiff filed a grievance on February 4, alleging the above mentioned instances of harassment. Compl., ¶ 3. The investigating officer found only the instance of January 23 to have merit, and dismissed the other grievances. Compl., Appx. A. Plaintiff appealed his decision to Warden Burt, who rejected the appeal on the basis that the facts and interviews indicated that the plaintiff was lying and indicated that plaintiff had a history of harassing defendant and has been counseled on such behavior previously. Compl., Appx. A. Plaintiff also alleges that on February 7, he wrote a letter to the inspector concerning defendant's behavior but never received a response. Compl., ¶ 14.

Plaintiff alleges that on February 10, 2005, defendant issued a false major misconduct in retaliation for plaintiff's February 4 grievance. Compl., ¶ 14. Plaintiff was found guilty of disobeying a direct order and lost time served credit as a result. Compl., Appx. B. Plaintiff appealed that decision, alleging the major misconduct was in retaliation, but the decision was not overturned. *Id*. Plaintiff maintains that the major misconduct was in retaliation for filing his grievances, however, plaintiff does not challenge his conviction of the major misconduct. Compl., ¶ 4.[1] Plaintiff also alleges that on February 12, when he was returning form the yard, the defendant threatened plaintiff, stating "I am going to hook you up." Compl., ¶ 18.

Plaintiff alleges that defendant's behavior has resulted in numerous adverse consequences. Specifically, he alleges that he has suffered injuries not limited to (1) mental anguish, fright and shock; (2) emotional and mental stress; (3) irreparable harm; and (4) loss of freedom. Compl., ¶ 22.

Plaintiff's principal claim is that defendant violated his First and Eighth Amendment rights. Plaintiff seeks: (1) a declaratory judgment stating: "that the harassment, threats and retaliation of Plaintiff by defendant Barnett, violated Plaintiff's rights under the First and Eighth Amendment of the United States Constitution"; (2) compensatory damages in the amount of $150,000; (3) punitive damages in the amount of $250,000; and (4) costs.

On April 21, 2006, defendant filed this motion for summary judgment pursuant to FED. R. CIV. P. 56. Defendant submitted his own affidavit disputing plaintiff's version of the facts and arguing that there are no genuine issues of material fact with respect to plaintiff's constitutional claims. He claims that he was on vacation February 2 (and had his teeth fixed so they could no

---

[1] "This claim is not challenging the misconduct, the mention of the misconduct is simply being stated to establish the retaliation claim." Compl., ¶ 4. This language is plainly at odds with his statement that the retaliatory behavior was because "defendant was retaliating against him for filing a grievance," Compl., ¶ 17, which was not filed until February 4, well after the aforementioned incidents.

longer be removed). *See* Def.'s Br., Ex. A, Aff. of Skip Barnett, ¶ 4 [hereinafter "Barnett Aff."]. Defendant also agues that he is entitled to qualified immunity. Plaintiff filed a response in opposition to the defendant's motion for summary judgment on May 12, 2006. Plaintiff has also submitted an affidavit, denying defendant's version of events and restating the allegations set forth in his complaint. For the reasons that follow the Court should grant in part and deny in part defendant's motion for summary judgment.

B.  *Summary Judgment Standard*

Under FED. R. CIV. P. 56, summary judgment may be granted if pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is not genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." FED. R. CIV. P 56(c). "A fact is 'material' and precludes grant of summary judgment if proof of that fact would have [the] effect of establishing or refuting one of the essential elements of the cause of action or defense asserted by the parties, and would necessarily effect [the] application of appropriate principles[s] of law to the rights and obligations of the parties." *Kendall v. Hoover Co.*, 751 F.2d 171, 174 (6th Cir. 1984) (quoting Black's Law Dictionary 881 (6th ed. 1979)). The court must view the evidence in a light most favorable to the non-movant as well as draw all reasonable inferences in the non-movant's favor. *See United States v. Diebold, Inc.*, 369 U.S. 654, 655 (1962); *Bender v. Southland Corp.*, 749 F.2d 1205, 1210-11 (6th Cir. 1984).

The movant bears the burden of demonstrating the absence of all genuine issues of material fact. *See Gregg v. Allen-Bradley Co.*, 801 F.2d 859, 861 (6th Cir. 1986). The moving party need not produce evidence showing the absence of a genuine issue of material fact. Rather, "the burden on the moving party may be discharged by 'showing' – that is, pointing out to the district court –

that there is an absence of evidence to support the non-moving party's case." *Celotex Corp. v. Catrett*, 477 U.S. 317, 325 (1986). Once the moving party discharges that burden, the burden shifts to the non-moving party to set forth specific facts showing a genuine triable issue. FED. R. CIV. P. 56(e); *Gregg,* 801 F.2d at 861.

To create a genuine issue of material fact, however, the non-movant must do more than present some evidence on a disputed issue. As the United States Supreme Court stated in *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242 (1986), "[t]here is no issue for trial unless there is sufficient evidence favoring the non-moving party for a jury to return a verdict for that party. If the [non-movant's] evidence is merely colorable, or is not significantly probative, summary judgment may be granted." Id. at 249-50. (citation omitted); *see Celotex Corp.*, 477 U.S. at 322-23; *Matsushiata Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586-87 (1986). The standard for summary judgment mirrors the standard for a directed verdict under FED. R. CIV. P. 50(a). *Anderson,* 477 U.S. at 250. Consequently a non-movant must do more than raise some doubt as the existence of a fact; the non-movant must produce evidence that would be sufficient to require submission to the jury of the dispute over the fact.

    C.    *Retaliation Claim*

Plaintiff claims defendant retaliated against him for the exercise of his rights under the First Amendment. In order to succeed on this claim, plaintiff must establish three elements: "(1) the plaintiff engaged in protected conduct; (2) an adverse action was taken against the plaintiff that would deter a person of ordinary firmness from continuing to engage in that conduct; and (3) there is a causal connection between elements one and two–that is, the adverse action was motivated at

least in part by the plaintiff's protected conduct." *Thaddeus-X v. Blatter*, 175 F.3d 378, 394 (6th Cir 1999)(en banc).

"In the prison context . . . inmates must be permitted free and uninhibited access to both administrative and judicial forums for the purpose of seeking redress of grievances against state officers." *Franco v. Kelly*, 854 F.2d 584, 589 (2d Cir. 1988) (internal quotation and alternations omitted); *see also*, *California Motor Transport v. Trucking Unlimited*, 404 U.S. 508, 510 (1972). An inmate has an undisputed First Amendment right to file grievances against prison officials on his own behalf. *See Herron v. Harrison*, 203 F.3d 410, 415 (6th Cir. 2000); *Noble v. Schmitt*, 87 F.3d 157,162 (6th Cir. 1996). In plaintiff's complaint, he describes a series of adverse actions that defendant allegedly took in response to plaintiff's verbal complaint to defendant's supervisor. Action taken in retaliation for filing lawsuits and administrative grievances violate an inmate's right of access to courts and First Amendment rights. *See Wright v. Newsome*, 795 F.2d 964, 968 (11th Cir. 1986). A grievance is defined as an injury, injustice or wrong which gives ground for a complaint because it is unjust, discriminatory, and oppressive. *See* BLACKS LAW DICTIONARY 702 (6th ed. 1990). Although *Siggers-El v. Barlow*, 412 F.3d 693, 699 (6th Cir. 2005), seems to suggest that simply going over a defendant's head to lodge a complaint may not amount to a constitutionally protected right,[2] a verbal complaint to a supervising officer in the prison context is, at minimum, the most informal form of grievance. In correctional facilities a level of verbal harassment of prisoners may be expected, but there is no justification for harassing prisoners for exercising their constitutional rights, and therefore the deterrent effect need not be great in order to be actionable. *See Thaddeus-X*, 175 F.3d at 397 (quoting *Bart v. Telford*, 677 F.2d 622, 625 (7th Cir. 1982)).

---

[2] The court actually used the contrast to emphasize that that case was not just a case of going over a defendant's head but rather had a lot more to do with the grievance system and protecting that right than does this case. Thus, *Siggers-El*, although it seems to briefly address the topic of a verbal complaint, is not on point.

Plaintiff asserts that defendant retaliated against him for reporting defendant's behavior to his supervisor. Specifically, plaintiff claims that defendant popped his teeth out at the plaintiff, saying he wanted plaintiff's teeth like to be like his and pretended to throw a bottle at plaintiff. In the first instance, the alleged retaliation from January 25 to February 4, the protected conduct alleged was the report and complaint of defendant's conduct regarding the return of plaintiff's identification card. Although the investigating officer of plaintiff's February 4 grievance found that plaintiff's allegations of harassment from January 25 to February 2 were unsubstantiated, in his affidavit, plaintiff alleges the claims to be true. Although defendant denies these allegations in his own affidavit, for the purposes of deciding defendant's summary judgment motion the Court must accept the plaintiff's, rather than defendant's, version of events. Here, the motion involves a dispute between plaintiff's credibility and the report of the investigating officer, thus establishing a credibility determination that is inappropriate in ruling on a motion for summary judgment. *Madewell v. Roberts*, 909 F.2d 1203, 1206 (8th Cir. 1990); *see also Sheehan v. Beyer*, 51 F.3d 1170, 1177 (3d Cir. 1995). Because "[t]he nonmoving party's own affidavit or deposition can constitute affirmative evidence to defeat a summary judgment motion," *Courtney v. Biosound, Inc.*, 42 F.3d 414, 418 (7th Cir. 1994), *quoted with approval in Thomas v. City of Alliance*, No. 94-3219, 1995 WL 236673 at *2 (6th Cir. Apr. 21, 1995), plaintiff's verified complaint establishes a genuine issue of material fact, precluding summary judgment, so long as the allegations themselves are sufficient to meet the standard for First Amendment retaliation claims.

Accepting plaintiff's allegations as true, the court should determine that plaintiff has sufficiently shown a genuine issue of material fact with respect to each of the three elements of *Thaddeus-X* test to withstand summary judgment. The first element is satisfied because plaintiff

alleges he was retaliated against for reporting defendant's conduct to the proper prison and law enforcement officials. Further, plaintiff has alleged facts giving rise to an inference that defendant's alleged adverse actions were motivated by plaintiff's protected conduct: he alleges that defendant told him so on one occasion and he also cites the absence of problems previous to the January 23 incident.

Plaintiff's allegations satisfy the second element of the *Thaddeus-X* standard; that is, whether the alleged actions are the type that "would deter a person of ordinary firmness for continuing to engage in [the protected] conduct." Under this element, "[t]he threat of even a minor deprivation of some valued good can deter the exercise of protected rights." *Swick v. City of Chicago*, 11 F.3d 85, 87 (7th Cir. 1993); *see also, Smith v. Fruin,* 28 F.3d 646, 649 n.3 (7th Cir. 1994) ("[E]ven minor forms of retaliation can support a First Amendment claim, for they may have just as much of a chilling effect on speech as more drastic measures"). Under this test the issue of whether a defendant's action is the type of conduct that would deter a person of ordinary firmness from engaging in protected conduct is generally a question of fact for the jury. *See Thaddeus-X,* 175 F.3d at 397-98 (discussing cases).

The third element of the *Thaddeus-X* test involves the subjective motivations of the defendant. *Thaddeus-X*, 175 F.3d at 399. This element is normally a question for the jury and plaintiff has put forward a sufficient amount of evidence to support an inference that the threats made by defendant were in retaliation for the January 23 incident to survive summary judgment.

Although plaintiff, in his complaint, does not challenge the major misconduct ticket, he does include the major misconduct at every turn of his complaint and in response to defendant's motion for summary judgment, therefore making it necessary to address this issue. There is no dispute that

plaintiff was found guilty of the misconduct ticket which he claimed was issued by the defendant in retaliation for his exercise of his First Amendment rights. Plaintiff alleges that defendant filed the major misconduct report, for disobeying a direct order, in retaliation for the grievances plaintiff filed against defendant. A state official investigated the charges, and plaintiff was found guilty of disobeying a direct order. Plaintiff fails to state a claim against defendant for retaliation by issuance of the major misconduct because plaintiff was convicted of the misconduct charges and has not shown that his misconduct conviction has been overturned. A finding of guilt based upon some evidence of a violation of prison rules "essentially checkmates [a] retaliation claim." *Burton v. Rowley*, No. 00-1144, 2000 WL 1679463, at *2 (6th Cir. Nov. 1, 2000) (quoting *Henderson v. Baird*, 29 F.3d 464, 469 (8th Cir. 1994)). The Sixth Circuit's application for this rule has been unwavering. *See Jackson v. Madrey*, 158 Fed. Appx. 656, 661 (6th Cir. 2005); *Lewis v. Turner*, No. 00-6344, 2001 WL 669816, at *2 (6th Cir. June 7, 2001); *McKinley v. Bowlen*, No. 00-6344, 2001 WL 493394, at *2 (6th Cir. May 1, 2001); *Robinson v. Shewaler*, No. 00-3211, 2000 WL 1829118, at *2 (6th Cir. Dec. 6, 2000); *Owens v. Johnson*, No. 99-2094, 2000 WL 876766, at *2 (6th Cir. June 23, 2000). Although retaliation by a state actor for the exercise of a constitutional right is actionable under § 1983 even if the act, when taken for difference reasons, would have been proper, *See Mt. Healthy City Bd. of Education v Doyle*, 429 U.S. 274, 285 (1977) a court should not overturn a prison disciplinary board's finding of guilt if there is any evidence to support the board's conclusion. *See Franco v. Kelley*, 854 F.2d 584, 588 (2nd Cir. 1988); *see also Superintendent v. Hill*, 472 U.S. 445, 455-56 (1985). The investigation and appeal in this case sufficiently reach this threshold. As a matter of law, plaintiff is unable to show that the issuance of the ticket was retaliatory, because the action would have been taken even if plaintiff had not engaged in the allegedly protected conduct.

Accordingly, the court should grant defendant's motion for summary judgment with respect to plaintiff's retaliation claim stemming from the circumstances surrounding plaintiff's major misconduct ticket.

The third and final alleged act of retaliation was that of February 12, which included the threat "I'm gonna hook you up." Typically a single statement is insufficient, as a matter of law, to establish the second element of a retaliation claim, i.e. an adverse action sufficient to deter an inmate of ordinary firmness from exercising his First Amendment rights. *See Bell v. Johnson*, 308 F.3d 564, 603 (6th Cir. 2002); *Thaddeus-X*, 175 F.3d at 398-99. However repeated harassment and threats of physical violence may be sufficient to deter a prisoner of ordinary firmness from exercising his First Amendment rights*, see Thaddeus-X*, 175 F.3d at 398. The escalating history between plaintiff and defendant since January 23, in addition to the threat's temporal relation to the series of other alleged harassments, may plausibly show that this threat was part of ongoing retaliatory harassment. Thus the threat taken together with the previous alleged incidents of harassment does pass the *Thaddeus-X* test.

D.     *Eighth Amendment*

Taking plaintiff's allegations and supporting material as true, the incidents do not rise to the level of cruel and unusual punishment under the Eighth Amendment. In *Hudson v. McMillian*, 503 U.S. 1, 8 (1992), the Supreme Court stated the general test for the Eighth Amendment claims: first, the alleged force should be "objectively harmful enough to establish a constitutional violation," and second, the official must have acted with a sufficiently culpable state of mind. *See id.* at 8 . The first, objective element, focuses on whether unnecessary and wanton infliction of pain was imposed, and is "contextual and responsive to contemporary standards of decency." *Id.* at 7, 8 (internal

quotation marks and citation omitted). The alleged actions (including verbal harassment, making plaintiff stand by defendant's side and 'popping out teeth"), even if they caused the symptoms plaintiff claims, does not arise to a wanton infliction of pain.

Furthermore, plaintiff is precluded from compensatory and punitive damages for alleged violations of his Eighth Amendment rights. Under 42 U.S.C. § 1997e(e), an inmate is precluded from bringing a claim for monetary damages for mental or emotional injury suffered while in custody without a prior showing of physical injury. In this case, plaintiff specifically alleges damages based on mental or emotional injury and has not alleged any physical harm. Any claim for monetary damages under the Eighth Amendment is therefore barred by § 1997e(e). Accordingly, the Court should grant defendant's motion for summary judgment with respect to plaintiff's Eighth Amendment claims.

E.   *Qualified Immunity*

Finally, defendant claims that summary judgment is appropriate because he is entitled to qualified immunity.

Generally, "government officials performing discretionary function are shielded from liability for civil damages insofar as their conduct does not violated clearly established statutory or constitutional rights or which a reasonable person would have known." *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982). The purpose behind qualified immunity is to protect public officials "from undue interference with their duties and from potentially disabling threats of liability." Id. at 806. The tripartite test for evaluating claims of qualified immunity involves three inquiries: (1) whether a constitutional violation occurred; (2) whether the right that was violated was a clearly established right of which a reasonable person would have known; and (3) whether the plaintiff has alleged

11

sufficient facts, and supported the allegations by sufficient evidence, to indicate that what the official allegedly did was objectively unreasonable in light of the clearly established constitutional rights. *See Dickerson v. McClellan*, 101 F.3d 1151, 1157-58 (6th Cir. 1996). As discussed in parts C and D supra, the only viable constitutional claim asserted by plaintiff which survives summary judgment is his claim for retaliation following his initial verbal complaint to defendant's supervisor and the final instance of harassment following the grievances plaintiff filed.

First it must determined whether, based upon the applicable law, the facts viewed in the light most favorable to the plaintiff show that a constitutional violation has occurred. *Bell v. Johnson*, 308 F.3d 594, 601 (6th Cir. 2002) (citing *Saucier v. Katz*, 533 U.S. 194, 201 (2001)). As discussed above, plaintiff has sufficiently alleged a First Amendment retaliation claim. Second, it must be determined whether the right violated was clearly established. For a right to be clearly established, "the contours of the right must be sufficiently clear that reasonable official would understand what he is doing violates that right." *Anderson v. Creighton*, 483 U.S. 635, 640 (1987). Here, *Thaddeus-X* clearly establishes the right of prisoners to file a grievance and be free from retaliation. *Thaddeus-X*, 175 F.3d at 394. The relevant inquiry to determine whether the right is clearly established is "whether it would be clear to a reasonable officer that his conduct was unlawful in the situation he confronted." *Saucier*, 533 U.S. at 202. Thus liability is imposed when a "public official knew or should have known of the constitutionally violative effect of his actions." *Siggers-El,* 412 F.3d at 703, (*citing Harlow v. Fitzgerald*, 457 U.S. 800, 820-21(1982)(Brennan, J., concurring)). A reasonable officer should know that harassing a prisoner for exercising his right to file a grievance would deter a prisoner of ordinary firmness from continuing to engage in protected conduct. The

12

alleged harassments since January 23 and the lack thereof previous to the identification card incident support a claim of retaliation for reporting defendant's behavior to defendant's supervisor.

F.  *State Law Claim*

In his motion, defendant argues that the Court should not exercise supplemental jurisdiction over plaintiff's state law claims under 28 U.S.C. § 1367 because all federal claims should be dismissed and because the state court will better decide a state tort claim.  However, as noted above, plaintiff's retaliation claims against defendant should not be dismissed, and thus in the interest of judicial economy the Court should exercise supplemental jurisdiction over the state law claim for intentional infliction of emotional distress plaintiff is asserting.

G.  *Conclusion*

In view of the foregoing, the Court should grant in part and deny in part defendant's motion for summary judgment.  Specifically, the Court should conclude that there are genuine issues of material fact with respect to the plaintiff's First Amendment retaliation claims against defendant, and should deny the motion with respect to that claim, except to the extent the claim is based on the major misconduct issued to plaintiff.  The Court should conclude that plaintiff's remaining claim of an Eighth Amendment violation does not state a claim upon which relief may be granted, and should therefore grant defendants motion for summary judgment with respect to that claim.

III.  NOTICE TO PARTIES REGARDING OBJECTIONS:

The parties to this action may object to and seek review of this Report and Recommendation, but are required to act within ten (10) days of service of a copy hereof as provided for in 28 U.S.C. § 636(b)(1) and E.D. Mich. LR 72.1(d)(2).  Failure to file specific objections constitutes a waiver

13

of any further right of appeal. *Thomas v. Arn*, 474 U.S. 140 (1985); *Howard v. Secretary of Health & Human Servs.*, 932 F.2d 505 (6th Cir. 1991); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981). Filing of objections which raise some issues but fail to raise others with specificity, will not preserve all the objections a party might have to this Report and Recommendation. *Willis v. Secretary of Health & Human Servs.*, 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Federation of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987). Pursuant to E.D. Mich. LR 72.1(d)(2), a copy of any objections is to be served upon this Magistrate Judge.

Within ten (10) days of service of any objecting party's timely filed objections, the opposing party may file a response. The response shall be not more than five (5) pages in length unless by motion and order such page limit is extended by the Court. The response shall address specifically, and in the same order raised, each issue contained within the objections.

s/Paul J. Komives
PAUL J. KOMIVES
UNITED STATES MAGISTRATE JUDGE

Dated: 8/3/06

The undersigned certifies that a copy of the foregoing order was served on the attorneys of record by electronic means or U.S. Mail on August 3, 2006.

s/Eddrey Butts
Case Manager