**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

**LORENZO JONES,**

        Plaintiff,                   **CASE NUMBER: 05-73673**
                                         **HONORABLE VICTORIA A. ROBERTS**

v.

**SKIP BARNETT,**

        **Defendant.**
_____/

<u>**ORDER**</u>

**I.     INTRODUCTION**

This matter is before the Court on Defendant Skip Barnett's Motion for Summary Judgment. The motion was referred to Magistrate Judge Komives for a Report and Recommendation, pursuant to 28 U.S.C. § 636(b)(1)(B). Judge Komives recommends that the Court **GRANT** in part and **DENY** in part Defendant's motion. The Court reviewed the files, the record, and Judge Komives's report and recommendation and **ADOPTS** his recommendation. Both parties filed timely objections.

**II.    BACKGROUND**

Lorenzo L. Jones ("Plaintiff") is incarcerated at the St. Louis Correctional Facility in St. Louis, Michigan. Plaintiff filed suit against Skip Barnett ("Defendant"), a correctional officer at the facility, alleging violations of his First and Eighth Amendment rights under 42 U.S.C. § 1983. A state law claim of intentional infliction of emotional distress is also alleged.

In an unverified complaint, Plaintiff alleges that on five occasions Defendant

1

intentionally harassed and inflicted emotional distress upon him.  On January 23, 2005, Defendant took Plaintiff's identification badge and refused to return it unless Plaintiff begged.  On January 25, 2005, Defendant told Plaintiff that he "will break" him.  On January 26, 2005, Defendant allegedly removed his false teeth and told plaintiff that he wanted Plaintiff's teeth to look like his own.  On January 28, 2005, Defendant again took out his teeth and offered them to Plaintiff, threatening that he would need them.  On or about February 2, 2005, Defendant opened his mouth and told Plaintiff that he would not have his teeth for long.

Plaintiff reported Defendant to his supervisor and filed a formal grievance in accordance with procedures.  An officer investigated the grievance and found that the January 23, 2005 incident was grievable but dismissed the other claims of harassment.  Plaintiff appealed the decision to the Warden.  Warden Burt rejected the appeal and indicated that Plaintiff was lying based on his history of harassing Defendant.

On February 7, 2005, Plaintiff claims he wrote a letter to the institutional inspector regarding his grievances but never received a response.  Three days later, Defendant issued a major misconduct against Plaintiff for failing to follow a direct order.  Plaintiff was found guilty and lost time served credit.  Plaintiff argues that the major misconduct was false and reported in retaliation for filing his grievances, an exercise of his First Amendment rights.  Finally, Plaintiff alleges that on February 12, 2005, Defendant threatened him stating "I am going to hook you up." Plaintiff attaches his prisoner grievances and a sworn affidavit.

In a sworn affidavit, Defendant attests that at all times he acted in good faith and in the scope of his authority, including when he issued the major misconduct.  It is

particularly noteworthy that Defendant's affidavit lacks specificity regarding each alleged incident of harassment. Defendant's affidavit virtually ignores Plaintiff's allegations of the January 23, 2005 - February 2, 2005 incidents, except to state that on February 2, 2005 he was not at work because he was having his teeth repaired.

### III. ARGUMENTS

#### A. Report and Recommendation

Judge Komives recommends that the Court grant the motion with respect to Plaintiff's Eighth Amendment claim and First Amendment retaliation claim based on a major misconduct citation, but deny the motion with respect to the remainder of Plaintiff's First Amendment retaliation claims.

#### B. Plaintiff's Objections

Plaintiff's sole objection to Judge Komives's report and recommendation relates to the major misconduct citation. Because Plaintiff was found guilty of the major misconduct violation and it was not overturned, Judge Komives found that he failed to state a claim for retaliation. Plaintiff argues that his retaliation claim should not be dismissed because success on the underlying charge is not a precondition or a *prima facie* element of a § 1983 cause of action.

#### C. Defendant's Objections

Defendant has a number of objections to Judge Komives's report and recommendation. First, Defendant objects to the use of Plaintiff's unsigned affidavits and exhibits. Defendant argues that under Sixth Circuit precedent, affidavits and exhibits attached to a plaintiff's response to a motion for summary judgment that are unsigned,

3

and thus unauthenticated, should not be considered.

Second, Defendant objects to the finding that Plaintiff's retaliation claim is cognizable. Defendant argues that because Plaintiff did not follow the proper grievance procedures, he was unaware of Plaintiff's complaints and, therefore, could not have retaliated and prevented Plaintiff from engaging in protected conduct.

Third, Defendant argues that the incident when he allegedly stated "I am gonna hook you up" does not rise to a constitutional violation. Defendant contends that Plaintiff cannot show that he was either harmed by this adverse conduct or that the exercise of his First Amendment rights was chilled.

Fourth, Defendant objects to Judge Komives's finding that he is not entitled to qualified immunity. He argues that since Plaintiff fails to demonstrate the elements of a retaliation claim, he is entitled to qualified immunity.

Finally, Defendant argues the Court should decline to exercise supplemental jurisdiction over Plaintiff's state law claim of intentional infliction of emotion distress.

## IV.  ANALYSIS

### A.  Plaintiff's Evidence

Preliminarily, Defendant asserts that Judge Komives erroneously relied on unsworn affidavits and exhibits in reviewing the evidence presented by Plaintiff. It is true that Plaintiff's complaint is not verified and, therefore, may not be used at the summary judgment stage. *See Schroeder v. McDonald*, 55 F.3d 454, 460 & nn.10-11 (9th Cir. 1995)("His complaint is not verified, and therefore may not be used as evidence to consider at the summary judgment stage.").

However, in conjunction with his response opposing summary judgment, Plaintiff

submitted a sworn affidavit attesting to the same facts stated in his unverified complaint and relied upon by Judge Komives. Where Plaintiff's case depends on his own statements and observations, such statements, must "be made on personal knowledge, shall set forth facts as would be admissible in evidence, and shall show affirmatively that the affiant is competent to testify to the matters stated therein." FED. R. CIV. P. 56(e). Plaintiff's affidavit demonstrates that he has personal knowledge of the events. Moreover, "[t]he nonmoving party's own affidavit or deposition can constitute affirmative evidence to defeat a summary judgment motion." *Courtney v. Biosound, Inc.*, 42 F.3d 414, 418 (7th Cir. 1994).

Plaintiff's affidavit is sufficient evidence to create a genuine issue of material fact.

    **B.**    **Retaliation Claim**

Plaintiff alleges that Defendant retaliated against him because he exercised his First Amendment rights. Defendant objects to Judge Komives's recommendation that summary judgment should be denied on two bases: (1) Plaintiff did not engage in protected conduct and (2) the threat "I am gonna hook you up" does not rise to the level of a constitutional violation. Plaintiff only objects to Judge Komives's finding that the misconduct ticket was not issued in retaliation.

There are three elements of a retaliation claim: (1) the plaintiff was engaged in a constitutionally protected activity; (2) the defendant's adverse action caused the plaintiff to suffer an injury that would likely chill a person of ordinary firmness from continuing to engage in that activity; and (3) the adverse action was motivated at least in part in response to the exercise of the plaintiff's constitutional rights. *Thaddeus-X v. Blatter*,

175 F.3d 378, 394 (6th Cir. 1999)(en banc).  In short, "the issue is whether the adverse action taken against [P]laintiff by [D]efendant was motivated in substantial part by the protected activity of [P]laintiff."  *Mattox v. City of Forest Park*, 183 F.3d 515, 521 (6th Cir. 1999).

Plaintiff alleges that Defendant harassed and retaliated against him for reporting his behavior to his supervisor.  Judge Komives found that Plaintiff's alleged incidents of harassment were adverse actions taken by Defendant in response to Plaintiff's verbal complaints.  In his objections, Defendant argues that his alleged conduct could not have been retaliation because he was not aware of Plaintiff's complaints until a formal grievance was filed on February 11, 2006.

The Court finds this argument unavailing for two main reasons.  First, on January 23, 2005, Defendant was aware that Plaintiff reported the identification card incident.  Second, Plaintiff alleges that the other incidents of harassment stemmed from his report of the identification card.  For purposes of this motion the Court accepts Plaintiff's allegations as true.  It is undisputed that an inmate has a First Amendment right to file grievances against prison officials on his own behalf.  *Herron v. Harrison*, 203 F.3d 410, 415 (6th Cir. 2000).  Plaintiff did begin the grievance process when he first complained to Defendant's supervisor.  The grievance procedure, itself, requires the grievant to state "what attempt did you make to resolve this issue prior to writing this grievance."  Thus, Plaintiff has shown that the alleged adverse actions were motivated, at least in part, by his protected conduct.

Next, Defendant argues that the incident where he allegedly stated "I am gonna hook you up," does not rise to the level of a constitutional violation.  He asserts that

under *Thaddeus-X* mere threats of "making life difficult" for an inmate do not clearly constitute adverse action sufficient to deter a person of ordinary firmness from pursuing legitimate grievances or lawsuits.  *Mattox v. City of Forest Park*, 183 F.3d 515, 523 (6th Cir. 1999).  Judge Komives, however, found that the temporal relation of the threat coupled with the series of alleged harassments demonstrates that the threat was a part of the ongoing retaliatory harassment.  Given that under *Thaddeus-X* repeated harassment and threats of physical violence may be sufficient to deter a prisoner from exercising his First Amendment rights, this Court agrees with the finding of Judge Komives.  *Thaddeus-X*, 175 F.3d at 398-99.

Finally, Plaintiff argues that his claim regarding the major misconduct ticket should not be dismissed on summary judgment.  Judge Komives recommends dismissing the claim because Plaintiff was convicted of the misconduct charges; they have not been overturned.

Plaintiff contends that "favorable termination" or dismissal of the disciplinary action should not be a precondition to bringing a § 1983 claim of retaliation.  *See Riley v. Kurtz*, 893 F.Supp. 709, 721 (E.D.Mich. 1995)(stating that Congress in passing § 1983 did not intend for federal courts in enforcing federal law in state prisons to be bound by the fact-findings of disciplinary officers).  However, it is well settled in the Sixth Circuit that "a finding of guilt based upon some evidence of a violation of prison rules "essentially checkmates [a] retaliation claim."  *Jackson v. Mardey*, 158 Fed.Appx. 656, 661 (6th Cir. 2005).  Thus, as Judge Komives found, Plaintiff fails to establish that a causal connection exists between the adverse action and any protected conduct; the finding that Plaintiff was guilty of not taking a direct order satisfies Defendant's burden to show that

he would have brought the conduct charges against Plaintiff regardless of his prior grievances. *See Hynes v. Squillace*, 143 F.3d 653, 657 (2d Cir. 1998); *Henderson v. Baird*, 29 F.3d 464, 469 (8th Cir.1994).

Therefore, over the objections of both parties, the Court **ADOPTS** Judge Komives report and recommendation.

### C. Qualified Immunity

Defendant argues that Plaintiff fails to demonstrate a retaliation claim and, therefore, he is entitled to qualified immunity. The threshold question the Court must ask in determining qualified immunity is: "Did the Plaintiff sufficiently allege violation of a constitutionally or statutorily protected right?" *Siegert v. Gilley*, 500 U.S. 226 (1991). Because the Court finds that Plaintiff alleges a constitutional violation, Defendant is not entitled to qualified immunity.

### D. State Law Claim

Although Defendant believes he is entitled to summary judgment and objects to the exercise of supplemental jurisdiction over Plaintiff's state law claims, the Court finds that supplemental jurisdiction is appropriate.

### V. CONCLUSION

For the reasons stated, the Court **ADOPTS** Judge Komives Report and Recommendation.

**IT IS SO ORDERED**.

                                              /s/ Victoria A. Roberts  
                                              Victoria A. Roberts  
                                              United States District Judge

Dated: February 14, 2007

---

The undersigned certifies that a copy of this document was served on the attorneys of record and Plaintiff by electronic means or U.S. Mail on February 14, 2007.

s/Linda Vertriest  
Deputy Clerk

---